UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAL B. KUEBEL AND<br>OMER F. KUEBEL, JR. | CIVIL ACTION |
| VERSUS | No. 06-5955 |
| FARMERS INSURANCE<br>EXCHANGE | SECTION "C" |

### ORDER & REASONS

Before this Court is a Motion to Remand filed by Plaintiffs, Joal B Kuebel and Omer F. Kuebel, Jr. ("Plaintiffs") (Rec. Doc. 5). Defendant, Farmers Insurance Exchange ("Defendant") have not filed an opposition. The motion is before the Court on the briefs, without oral argument. Having considered the memorandum of counsel, the record, and the applicable law, the Court finds that the Motion to Remand is **GRANTED.**

### I. BACKGROUND

Plaintiffs own the residence at 532 Crystal Street, New Orleans, Louisiana. They allege that this property, which was insured by Defendant, was damaged on August 29, 2005 when Hurricane Katrina made landfall in Louisiana. Plaintiffs claim that they made a claim on their insurance policy which was never fully paid. As a result, they filed suit in the Civil District

Court for the Parish of Orleans, State of Louisiana against Defendant seeking the unpaid insurance claim, penalties, damages for libel and attorneys fees.  Defendant removed the action to this Court.  Plaintiffs then filed this motion to remand in which they allege that their claim does not exceed the jurisdictional minimum.  They provide a sworn affidavit in which they show that their claims all totaled equal a maximum amount of $70,242.80.

## II. ANALYSIS

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction. See, 28 U.S.C. § 1441 (2006).  The district courts have original jurisdiction over all civil actions where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states.  See, 28 U.S.C. § 1332 (2006).  For diversity jurisdiction to attach, there must be complete diversity, i.e. the citizenship of every plaintiff must be diverse from the citizenship of every defendant. *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed 435 (1806).

Defendant removed the case at bar to this Court alleging diversity jurisdiction.  Plaintiffs are Louisiana citizens, whereas Defendant is a corporation organized under the laws of and with its principal place of business in California. Thus, the first prong of the test is met.  However, the jurisdictional amount is not satisfied.  As stated above, in their motion to remand Plaintiffs provided proof that their claim did not exceed $75,000 on the date of removal.

## III. CONCLUSION

For the above stated reasons,

IT IS ORDERED that Plaintiffs' Motion to Remand is **GRANTED**.

New Orleans, Louisiana, this 23rd day of October, 2006.

                                                  HELEN G. BERRIGAN
                                                  UNITED STATES DISTRICT JUDGE